Bigger, J.
The case is before the court upon the defendant’s motion to strike out a certain portion of the answer. The question as to the constitutionality of the law will not be decided upon a motion to strike out. The sufficiency of the answer in matter of substance should be raised by demurrer as it is not the function of motions to strike out to raise such questions as the constitutionality of laws. 10 O. S., 501; Phillips on Code Pleading, Section 279; Am. & Eng. Ency. of Law, Vol. 6, p. 1084.
But it is argued that the prohibition of the law (Section 7432-1) is against the number of men engaged in making any one kind of goods, and that unless the court can know judicially that shovels, scoops and spades constitute one kind of goods then *512 the pleading is bad. The averment of the answer is that the commissioner of labor statistics ascertained and reported that there were employed in this state outside of the penitentiaries, etc., in the manufacture of shovels, spades and scoops, 219 persons and no more. The defendant’s counsel says the statute does not apply to industries in which less than fifty free laborers are employed, and siipposes a case where forty-nine men might be engaged in making spades, and forty-nine men engaged in making shovels, and one hundred and twenty-one in making scoops, which he says would make up the total number of two hundred and nineteen engaged in making shovels, spades and scoops. Biit it seems to me the language of the answer in question will not permit of that construction. It is not averred that the two hundred and nineteen men were engaged in making shovels, spades or scoops. If that were averred then the objection made to this answer would be well taken. But the averment is that these men are engaged in making shovels, spades and scoops. If it were averred that John Jones was engaged in making shovels, spades and scoops it would be fair to import that he was engaged in making all three of the articles. And if it were further averred that John Jones, William Smith and Samuel Thompson were engaged in making shovels, spades and scoops it would import that they were engaged-in making-all three of these articles. It seems to me therefore that the objection made is not tenable.
W. P. Herrod, for plaintiff.
Wade H. Ellis, Attorney-General, for defendant.
The question of the constitutionality of the law should be raised by pleading. The motion is therefore overruled.